IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SINA MOGHTADER<br>　　*Plaintiff* | § § § § | |
| v. | § § | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, ROSS UNIVERSITY SCHOOL OF MEDICINE, DAVID E MELNICK, DEVRY MEDICAL INTERNATIONAL, INC. AND DEVRY EDUCATIONAL GROUP, INC<br>　　*Defendants* | § § § § § § § § § § | NO. _____ |

.

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Sina Moghtader, Plaintiff herein, by and through his counsel of record, Donald G. Henslee, complaining of Defendants National Board Of Medical Examiners, Donald E. Melnick in his official capacity, Ross University School Of Medicine, DeVry Medical International, Inc., and DeVry Educational Group, Inc. and files this, his Original Complaint and would respectfully show as follows:

### I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983; 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 1331 28 U.S.C. § 1367; 29 U.S.C. § 794 and 42 U.S.C. §§ 12131–12150.

### II. VENUE

2. Under 28 U.S.C. § 1391, venue is proper before this Court because Plaintiff and Defendants are diverse in citizenship and the matters described herein contain federal questions.

## III: PARTIES

3. Plaintiff Sina Moghtiner was a student at Ross University School of Medicine during the times described below. Plaintiff resides at 7911 Sierra Seco, San Antonio, Texas, Bexar County, Texas

4. Defendant National Board of Medical Examiners (NMBE) is a not-for-profit corporation located at 3750 Market Street, Philadelphia PA, 19104, where it may be served with process.

5. Defendant Donald E. Melnick is President of the NMBE and may be served with process at 3750 Market Street, Philadelphia PA, 19104.

6. Defendant Ross University School of Medicine (RUSM) is a foreign for-profit corporation located at 2300 SW 145th Avenue, Suite 200, Miramar, Florida, 33027, where it may be served with process.

7. Defendant DeVry Medical International, Inc., is a foreign for-profit Corporation located at 630 U.S. Highway One, North Brunswick, New Jersey, 08902, where it may be served with process. Defendant DeVry Medical International, Inc., is a subsidiary of DeVry Educational Group, Inc.

8. Defendant DeVry Educational Group, Inc. is a foreign for-profit corporation located at 3005 Highland Parkway, Downers Grove, Illinois, 60515, where it may be served with process.

## IV. STATEMENT OF FACTS

9. Plaintiff was a student at the University of Texas at San Antonio (UTSA) during 2002 to 2008.

10. During that time, Plaintiff was referred to the UTSA Disability Accommodations Office for assessment of a possible learning disability in order to request accommodations in classes and in testing.

11. The Disability Accommodations Office recommended "that Mr. Moghtader be allowed additional time to take tests" based on the diagnosed learning disability.

12. The UTSA professors allowed additional time to take tests when requested to do so.

13. Plaintiff entered the RUSM as a medical student during 2008.

14. Defendant's faculty and staff were made aware of the UTSA diagnosis and accommodations.
15. Plaintiff experienced success as a student through 2010.
16. Near the end of the 2010 school year Plaintiff experienced some difficulties and requested accommodations from Defendant NBME on the required Step One of the United States Medical Licensing Exam (USMLE).
17. Plaintiff was denied requested accommodations on February 17, 2011.
18. Plaintiff underwent additional testing on October 31, 2011 and was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD).
19. Plaintiff submitted an additional request for accommodations to Defendant NBME on January 20, 2012 for accommodations on Step 2 USMLE.
20. Defendant NBME denied the request for accommodations on July 5, 2012.
21. The rationale used to deny the request was "Our records show that you successfully completed Step I under standard conditions.  This does not demonstrate impaired functioning that limits a major life activity or that the standard administration of Step 2CK is insufficient for you needs."
22. This refusal for accommodations ignored all available disability evaluative data presented to NBME.
23. Further evaluation of Plaintiff was conducted by an additional highly qualified and widely respected psychologist during 2015.
24. This evaluator made essentially the same findings as previous evaluators and recommended the same sorts of testing accommodations.
25. These refusals fly in the face of all psychological, educational and evaluative reports presented to Defendant NBME.
26. Although again requested, Defendant NBME once again refused accommodations.
27. During the period of time set out above, Defendant RUSM initially delayed its required timeline for completion of courses while Plaintiff and Defendant worked through the testing accommodation issues, per its past and present custom and usage.
28. On April 30, 2015, Defendant RUSM changed its practice without notice to Plaintiff and dismissed Plaintiff from the medical school.

29. Defendant RUSM had full knowledge of Defendant NBME's illegal conduct in refusing testing accommodations.

## V.  FIRST CAUSE OF ACTION – BREACH OF CONTRACT

30. A valid contract exists between RUSM and Plaintiff.
31. Plaintiff performed according to the terms of the contract.
32. Defendant RUSM breached the contract when it dismissed Plaintiff from its medical school.
33. Defendant DeVry Medical International, Inc. is liable for the damages caused by its subsidiary, RUSM.
34. Defendant DeVry Educational Group, Inc., is liable for the damages caused its subsidiaries, DeVry Medical International, Inc. and RUSM.

## VI.  SECOND CAUSE OF ACTION - SECTION 504 OF
## THE REHABILITATION ACT OF 1973 AND
## THE AMERICANS WITH DISABILITIES ACT

35. Plaintiff is a disabled individual under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the Americans With Disabilities Act, 42 U.S.C. §§ 12131-12150, where disability is defined as a physical or mental impairment that substantially limits one or more of the major life activities of an individual, a record of such an impairment, or being regarded as having such an impairment.
36. Plaintiff requested that Defendant NMBE make testing accommodations required by each of these laws.
37. Defendant NMBE refused to make the reasonable accommodations required by law even though often requested to do so.
38. Defendant NMBE's failure to make those accommodations caused Plaintiff to fail the required Step Two of the United States Medical Licensing Exam.
39. Plaintiff's failure of that test caused his dismissal from the RUSM.
40. Defendant RUSM's failure to extend the eligibility period for remaining in the RUSM program while Plaintiff requested accommodation from Defendant NMBE for testing has caused Plaintiff great economic damage.

41. Defendant NMBE's failure to grant testing accommodations has caused Plaintiff great economic damage.
42. Defendants DeVry Medical International, Inc. and DeVry Educational Group, Inc. are liable for the damages caused by the actions and inactions of its subsidiaries as set out above.

### VII.  THIRD CAUSE OF ACTION - VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

43. Defendant NBME's refusal to allow modifications to Plaintiff's testing process without a hearing violate both the procedural and substantive aspects of these protections.
44. Plaintiff has been deprived of an important property interest.  He is left burdened with student loans and other related costs and fees in excess of $300,000.00 with little ability to absorb or repay if he cannot continue his medical education and career.
45. Plaintiff has been deprived of his liberty interest in his continuing education and career.
46. Defendant NBME provides a substantial public function, as virtually all state medical licensing boards, including Texas, rely exclusively on tests administered and evaluated by the NBME.

### VIII.  FOURTH CAUSE OF ACTION - VIOLATION OF PLAINTIFF'S RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

47. Plaintiff is a member of the Baha'i faith.
48. Plaintiff is a citizen of the United States pursuant to naturalization in 2007.
49. Plaintiff's origin is Iran.
50. During the pendency of this matter, Plaintiff has been treated with contempt and derision by agents, servants and employees of Defendant NBME because of his religion and his national origin.
51. This illegal discrimination by Defendant NBME's employees has been persistent and ongoing throughout this controversy.

52. This illegal discrimination by Defendant NBME's employees has been the basis for the denial of testing accommodation.

53. This illegal discrimination has caused Plaintiff great economic damage.

## VII.  FIFTH CAUSE OF ACTION – DAMAGES TO REPUTATION

54. Defendant NBME has caused great harm to Plaintiff's reputation by its refusal to make testing accommodations, resulting in his dismissal from RUSM.  These actions were taken with a conscious indifference to Plaintiff's rights enumerated herein.

55. Defendant's actions as enumerated herein are the proximate cause of Plaintiffs injury to his reputation.

56. Plaintiff has experienced economic loss through expenditure of large amounts of money for tuition, costs fees and other and other related expenditures.

## VIII.  INJUNCTIVE RELIEF

57. Plaintiff will suffer irreparable harm if the Defendant's are allowed to continue its present course of action.

58. Defendant's actions described above consist of wrongful acts.

59. There exists imminent harm in the actions of Defendant described above.

60. There is no adequate remedy at law.

## X.  DAMAGES

61. Plaintiff is entitled to damages in excess of the jurisdictional limits of this court to compensate Plaintiff for:

    a.   Reimbursement for tuition, costs and fees at RUSM.

    b.   Reimbursement for costs associated with Plaintiff's medical education for applications and attendance at required trainings, residencies and tests.

    c.   Damages for violations of Plaintiff's constitutional rights.

    d.   Damages for violations of state and federal laws and regulations.

    e.   Punitive damages in an amount sufficient to punish Defendant for its illegal and unconstitutional behaviors and actions and discourage it from acting in a like manner in the future.

  f. Plaintiff demands a trial by jury.

  g. Attorneys' fees in an amount to be determined by the Court.

## XI.  JURY TRIAL

62. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount sufficient to fully compensate Plaintiff for the elements of damages enumerated above, judgment for damages and recovery of attorney's fees together with pre- and post-judgment interest, and court costs expended herein, and for such other relief as this Court in equity, deems just and proper.

    Respectfully submitted,

    *Donald G. Henslee*

    Donald G. Henslee
    Attorney at Law
    Law Offices of Donald G. Henslee
    700 Lavaca Street, Suite 1400
    Austin, Texas 78701
    State Bar Number 09488500
    (512 320-9177 [Telephone]
    (512) 597-1455 [Facsimile]
    dhenslee@school-law.co  [Email]
    **ATTORNEY FOR PLAINTIFF**