IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SINA MOGHTADER,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:15-cv-00508-FB |
| **NATIONAL BOARD OF MEDICAL** | § | |
| **EXAMINERS,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### NATIONAL BOARD OF MEDICAL EXAMINERS' AND DONALD E. MELNICK'S MOTION TO DISMISS AND POINTS AND AUTHORITIES IN SUPPORT

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants National Board of Medical Examiners ("NBME") and Donald Melnick (misnamed as "David E. Melnick" in the case caption) hereby move to dismiss the complaint of Plaintiff Sina Moghtader ("Moghtader").  Dr. Melnick also moves to dismiss Mr. Moghtader's complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

### POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Mr. Moghtader has asserted multiple legal claims against multiple defendants relating to his dismissal from medical school and his failing a component of the United States Medical Licensing Examination, or "USMLE." *See* Plaintiff's Original Complaint ¶¶ 4-8, 28, 30-34, 38. Mr. Moghtader claims that the NBME violated the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("Section 504"), and the Equal Protection and Due Process Clauses of the United States Constitution in denying him testing accommodations on the Step 2 of the USMLE. *See id*. at ¶¶ 35-53.  He also alleges a cause of action against NBME for

"damages to reputation." *Id*. at ¶¶ 54-56. He seeks injunctive relief and damages. *See id.* ¶¶ 57-61.

Mr. Moghtader has also named NBME's President, Donald E. Melnick, as a defendant (although he misidentifies Dr. Melnick in the caption of his complaint as "David E. Melnick"). His complaint alleges no facts relating to Dr. Melnick, however, other than his status as NBME's President, *id*. at ¶ 5, and no causes of action have been asserted against Dr. Melnick.

Mr. Moghtader's claims are baseless and should be denied. In addition to failing to satisfy the basic pleading standards of Fed. R. Civ. P. 8, Mr. Moghtader has failed to state any claim against NBME or Dr. Melnick for which relief can be granted, thereby warranting dismissal under Fed. R. Civ. P. 12(b)(6). Mr. Moghtader's claims against Dr. Melnick must also be dismissed for lack of personal jurisdiction over Dr. Melnick, pursuant to Fed. R. Civ. P. 12(b)(2).

## **BACKGROUND**

### I.  NBME AND THE USMLE

NBME is a not-for-profit organization that provides assessment services for the health professions. *See* Complaint ¶ 4; *see generally* http://www.nbme.org/about/index.html. Donald E. Melnick is the President of NBME. *Id*. at ¶ 5.

Together with the Federation of State Medical Boards, NBME sponsors the USMLE, a standardized examination that state licensing authorities have chosen to accept as evidence of an applicant's competence for medical licensure in the United States and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

There are three phases of the USMLE, consisting of four examinations known as "Steps." Step 1 of the USMLE is a multiple-choice examination that assesses understanding and application of basic science concepts important to the practice of medicine. The Step 2 Clinical Knowledge (CK) examination is a multiple-choice examination that assesses the application of medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision and includes emphasis on health promotion and disease prevention. The Step 2 Clinical Skills (CS) examination utilizes trained actors as standardized patients and assesses whether examinees can effectively gather information from patients, perform physical examinations, and communicate findings to patients and colleagues. The Step 3 examination assesses whether examinees can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine, with emphasis on patient management in ambulatory settings.

Testing accommodations are available for disabled individuals who need them in order to access the USMLE. All accommodation requests are individually reviewed by NBME, and reasonable accommodations are provided as warranted to individuals who demonstrate that they are disabled within the meaning of the ADA. As one appellate court has noted,

> [NBME's] procedures are designed to ensure that individuals with *bona fide* disabilities receive accommodations, and that those without disability do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage when taking the medical licensing examination. As administrator of the national exam used by a number of states for licensing medical doctors, the National Board has a duty to ensure that its examination is fairly administered to all those taking it.

*Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 88-89 (2d Cir. 2004).

## II.   ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Mr. Moghtader alleges that he was a student at the University of Texas at San Antonio (UTSA) from 2002 to 2008. *See* Complaint ¶ 9. According to Mr. Moghtader, he was referred

at some point in his college education to the UTSA Disability Accommodations Office, the Disability Office recommended that he be allowed additional time to take tests based on a "diagnosed learning disability," and his UTSA professors allowed him additional time to take tests when requested. *Id.* ¶¶ 10-12.

Mr. Moghtader alleges that he entered Ross University School of Medicine ("RUSM") as a medical student in 2008. Complaint ¶ 13. Ross University is a for-profit medical school located in the Caribbean. *Id.* ¶ 6. After "experienc[ing] success as a student" at RUSM through 2010, Mr. Moghtader claims that he "experienced some difficulties" near "the end of the school year." *Id.* ¶¶ 15-16. He alleges that he "requested accommodations from ... NBME" on Step 1 of the USMLE, and that NBME denied his request in February 2011. *See id.* ¶ 17. Mr. Moghtader subsequently took the Step 1 examination without accommodations and achieved a passing score. *See id.* ¶ 21.

Mr. Moghtader alleges that he underwent "additional testing" and was diagnosed with an additional disability in October 2011, Attention Deficit-Hyperactivity Disorder (ADHD). *See id.* ¶ 18. Thereafter, he submitted a request for accommodations to NBME for Step 2 of the USMLE in January 2012. *See id.* ¶ 19. This request was denied in July 2012. *See id.* According to Mr. Moghtader, the basis for NBME's denial was the fact that Mr. Moghtader successfully completed Step 1 of the USMLE under standard testing conditions. *See id.* ¶ 21.

Mr. Moghtader claims that he received a further evaluation in 2015 from a "highly qualified and widely respected psychologist." *Id.* ¶ 23. According to Mr. Moghtader, this evaluator "made essentially the same findings as previous evaluators and recommended the same sorts of testing accommodations." *Id.* ¶ 24. Mr. Moghtader states that "[a]lthough again requested, Defendant NBME once again refused accommodations." *Id.* ¶ 26.

Mr. Moghtader alleges that his medical school "initially delayed its required timeline for completion of courses while Plaintiff and Defendant worked through the testing accommodation issues, per its past and present custom and usage," *id.* ¶ 27, but that, on April 30, 2014, "Defendant RUSM changed its practice without notice to Plaintiff and dismissed Plaintiff from the medical school." *Id.* ¶ 28. Mr. Moghtader does not allege that he is currently enrolled in medical school or eligible to sit for the USMLE Step 2 examination.

Plaintiff asserts a claim for breach of contract against RUSM, DeVry Medical International, Inc., and DeVry Educational Group, Inc. *See id.* ¶¶ 30-34. He asserts claims for violation of the ADA and Section 504 against NBME, DeVry Medical International, Inc., and DeVry Educational Group, Inc. *See id.* ¶¶ 35-42. As noted above, plaintiff also asserts claims against NBME for violation of his Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution and his right to Equal Protection under the Fourteenth Amendment of the Constitution, *id.* ¶¶ 43-53, and a claim for "damages to reputation," *id.* ¶¶ 54-56. He seeks both injunctive relief and damages. *See id.* ¶¶ 57-61.

Plaintiff has named NBME's President, Dr. Donald Melnick, as an additional defendant, but his complaint asserts no claims against Dr. Melnick.

## ARGUMENT

I. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6) AND 12(b)(2).**

   A. **The Complaint Does Not Satisfy the Basic Pleading Requirements of Fed. R. Civ. P. 8(a)(2).**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this requirement does not necessitate "detailed factual allegations," it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

To satisfy Rule 8 and overcome a motion to dismiss under Rule 12(b)(6), a party must state a claim for relief that "allows the court to draw the reasonable inference that the defendant is liable…."  *Id.* (citation omitted).  Such an inference cannot be drawn based on the pleading of facts suggesting "a sheer possibility that a defendant has acted unlawfully."  *Id.* (citation and internal quotation marks omitted).

"[W]hen ruling on a motion to dismiss under Rule 12(b)(6), a court must accept as true all of the factual allegations contained in the complaint. . . .  However, a court need not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions,' which will not defeat a Rule 12(b)(6) motion to dismiss."  *Tamfu v. Natarajan*, No. SA-11-CA-758-FB, 2011 U.S. Dist. LEXIS 148680, at *6 (W.D. Tex. Dec. 15, 2011) (citations omitted).

Mr. Moghtader's complaint does not satisfy Rule 8.  It contains only "unadorned, the-defendant-unlawfully-harmed-me" accusations, *Iqbal*, 556 U.S. at 678, thereby warranting dismissal under Fed. R. Civ. P. 12(b)(6).

### 1. Mr. Moghtader fails to adequately plead a claim for disability discrimination.

Mr. Moghtader has asserted a claim against NBME for disability discrimination under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (second cause of action).  *See* Complaint ¶¶ 35-42.  The ADA defines disability as "a physical or mental impairment that substantially limits one or more . . . major life activities . . . ."  42 U.S.C. § 12102(1).  This definition is also applicable to claims under the Rehabilitation Act.  *See Brown v.*

*Texas State Univ. Sys. Bd. of Regents*, No. A-13-CA-483-SS, 2013 U.S. Dist. LEXIS 173818, at *38 (W.D. Tex. Dec. 12, 2013).

Mr. Moghtader alleges that he has been diagnosed with both a learning disability and ADHD, *see* Complaint ¶¶ 11, 18, and broadly claims that he is disabled within the meaning of the ADA and Section 504, *see id.* ¶ 35. Mr. Moghtader, however, fails to allege how he is substantially limited in any major life activity relevant to taking the USMLE. These pleading deficiencies are fatal. *See Mora v. Univ. of Texas Southwestern Med. Ctr.*, 469 Fed. Appx. 295, 297 (5th Cir. 2012) ("Although Mora alleged that she is an alcoholic and recited that her alcoholism impairs a major life activity, she did not specify which of her 'life activities' is substantially limited. This is fatal to stating a valid claim for relief."); *Hale v. King*, 642 F.3d 492, 501 (5th Cir. 2011) ("Absent allegations that Hale's ailments substantially limited him in the performance of a major life activity, Hale has failed to state a claim for relief under subsection A of the ADA's definition of disability.") (citation omitted) (per curiam); *Dark v. Potter*, 293 Fed. Appx. 254, 258-59 (5th Cir. 2008) (affirming dismissal of complaint where plaintiff "does not state the nature of her disability or its imposed limitations on her life"); *Brown*, 2013 U.S. Dist. LEXIS 173818, at *37-38 (dismissing claims under Section 504 where, *inter alia*, plaintiff "merely states, in a conclusory fashion, he was 'temporarily disabled' after 'major surgery'").

Mr. Moghtader's Section 504 claim, *see* Complaint ¶¶ 35-42, fails for the further reason that he has not alleged that he was discriminated against "solely by reason of his disability." *See* 29 U.S.C. § 794(a); *see also Shah v. Univ. of Texas Southwestern Med. School*, 54 F. Supp. 3d 681, 704 (N.D. Tex. 2014) (granting motion to dismiss Section 504 claim asserted by a student who had been dismissed from medical school for academic reasons where, among other things,

plaintiff failed to plausibly plead "that he was discriminated against solely on the basis of his disability," which is an essential element of a Section 504 claim).

### 2. Mr. Moghtader fails to adequately plead his claims for violation of the Constitution.

As discussed below, Mr. Moghtader cannot state viable constitutional claims against NBME because NBME is a private actor. *See infra* at 11-12. In addition, he has failed to adequately plead his various constitutional claims in the first instance. His constitutional claims should therefore be dismissed, on both grounds.

In his claim for denial of Due Process (third cause of action), Mr. Moghtader summarily argues that he has been "deprived of an important property interest," Complaint ¶ 44, but it is not clear what this property interest is. He also claims in conclusory fashion that he has been deprived of his "liberty interest" in "his continuing education and career." *Id.* ¶ 45. He does not explain how NBME is responsible for either of these alleged deprivations. *See id.* ¶¶ 43-46. Indeed, earlier in his complaint, he alleges that RUSM, not NBME, dismissed him from medical school. *See id.* ¶ 28. Likewise, in his claim for Equal Protection violations (fourth cause of action), Mr. Moghtader asserts that he "has been treated with contempt and derision" by unnamed "agents, servants and employees of Defendant NBME because of his religion and his national origin," Complaint ¶ 50, and baldly alleges that this purported discrimination "has been the basis for the denial of testing accommodations," *id.* ¶ 52. These conclusory allegations do not meet the requirements of Rule 8. *See, e.g., Lozano v. Ortega*, No. EP-14-CV-239-KC, 2014 U.S. Dist. LEXIS 162701, at \*\*20-21 (W.D. Tex. Nov. 19, 2014) (dismissing Equal Protection claim brought under § 1983 where plaintiff pleaded no facts to support his conclusion that arrest was motivated by racial discrimination and did not allege unequal treatment); *Brown*, 2013 U.S. Dist. LEXIS 173818, at \*21-31 (dismissing Due Process and Equal Protection claims based,

*inter alia*, on failure to adequately plead claims); *Tamfu*, 2011 U.S. Dist. LEXIS 148680, at *22-23 (dismissing claim for alleged procedural Due Process violations under the Fourteenth Amendment for failure to allege with particularity what process was due).

### 3. Mr. Moghtader's fifth cause of action for "damages to reputation" fails to plead a cognizable claim.

Mr. Moghtader's fifth cause of action is styled as a claim for "damages to reputation." Complaint ¶¶ 54-56. The legal basis of this claim is not clear. This count should therefore be dismissed for, among other reasons, failure to put NBME on adequate notice of his claim. *See Twombly*, 550 U.S. at 555 (Rule 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (citation omitted).

### 4. Mr. Moghtader does not allege any unlawful conduct by Donald Melnick.

Mr. Moghtader fails to allege *any* allegedly wrongful act or omission by Donald Melnick. The only time he is mentioned in the Complaint is in the caption (where he is misidentified) and in plaintiff's recitation of the parties. *See* Complaint ¶ 5. Dr. Melnick should therefore be dismissed from this lawsuit pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6). *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260-61 (5th Cir. 1995) (holding complaint failed to state a claim against individual defendant who was only named in caption, introductory paragraph, and paragraph listing his address for service of process).

### B. Plaintiff Fails to State a Claim Against NBME Under Title II of the ADA, Because NBME is Not a State Entity Subject to Title II.

In his second cause of action, Mr. Moghtader alleges that NBME discriminated against him in violation of the ADA. The provisions of the ADA that he cites in his second cause of action are 42 U.S.C. §§ 12131-12150. These sections are contained in Title II of the ADA,

which is applicable to "public entities," including state or local governments.  *See* 42 U.S.C. §§ 12131-12132.  Because NBME is not a public entity—and Mr. Moghtader does not allege otherwise—these provisions of the ADA do not apply to NBME.  Mr. Moghtader has thus failed to state a claim against NBME under Title II of the ADA.  His ADA claim must therefore be dismissed.[1]

      **C.**    **Plaintiff Fails to State a Claim Against NBME Under Section 504 of the Rehabilitation Act Because He Fails to Allege that NBME is a Recipient of Federal Finacial Assistance.**

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits or, or be subject to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794(a).  To pursue a claim under the Rehabilitation Act, Mr. Moghtader would have to show "that the program or activity in question receives federal financial assistance."  *Pickens v. Comcast Cable*, No. WDQ-13-2236, 2015 U.S. Dist. LEXIS 1514, at *6 (D. Md. Jan. 7, 2015).

---

[1] Mr. Moghtader has not alleged a claim under 42 U.S.C. § 12189, the specific section in the ADA that applies to private entities that offer standardized tests.  Nor could he.  Section 12189 is found in Title III of the ADA.  The only relief available under Title III is prospective injunctive relief; damages are not recoverable.  *See* 42 U.S.C. § 12188(a)(1) (remedies under Title III same as remedies under Title II of Civil Rights Act of 1964); *Betancourt v. Federated Dept. Stores*, 732 F. Supp. 2d 693, 701 (W.D. Tex. 2010).  Mr. Moghtader states that he has been dismissed from RUSM.  *See* Complaint ¶ 28.  To be eligible to take the USMLE Step 2 examination (and to receive accommodations on the Step 2 exam), a candidate must be in one of the following categories at the time he/she applies to test and on the day of his/her examination:  (1) a medical student officially enrolled in, or a graduate of, a U.S. or Canadian medical school program leading to the MD degree that is accredited by the Liaison Committee on Medical Education (LCME); (2) a medical student officially enrolled in, or a graduate of, a U.S. medical school leading to the DO degree that is accredited by the American Osteopathic Association (AOA); or (3) a medical student officially enrolled in, or a graduate of, a medical school that is outside the U.S. and Canada and listed in the International Medical Education Directory (IMED), who meets the eligibility criteria of the ECFMG.  *See* http://www.usmle.org/bulletin/eligibility/.  Because Mr. Moghtader is neither enrolled in nor a graduate of the foreign medical school that he attended (RUSM), he is not currently eligible to take the Step 2 CK examination, or to request accommodations on that exam.  He thus lacks standing to pursue injunctive relief against NBME.

Mr. Moghtader has failed to allege that NBME receives federal financial assistance, an essential element of a Rehabilitation Act claim. *See Pace v. Bogalusa City School Bd.*, 403 F.3d 272, 291 (5th Cir. 2005) ("The primary difference between the ADA and § 504 is that § 504 applies only to recipients of federal funds."); *Shah,* 54 F. Supp. 3d at 704 (stating that receipt of federal financial assistance is an essential element of a Section 504 claim). His Rehabilitation Act claim should therefore be dismissed. *See Pickens*, 2015 U.S. Dist. LEXIS 1514, at *6 (dismissing claim for failure to allege receipt of federal funds); *Day v. Nat'l Elec. Contractors Assoc.*, No. 1:13cv547, 2014 U.S. Dist. LEXIS 181415, at *14 (S.D. Ohio Mar. 31, 2014) (same).

### D. Plaintiff Cannot State a Claim Against NBME for Alleged Constitutional Violations Because NBME is Not a Federal or State Actor.

Mr. Moghtader's third and fourth causes of action assert claims against NBME based on alleged violations of his constitutional rights. *See* Complaint ¶¶ 43-53. Private actors, however, cannot be held liable for constitutional violations. Perhaps recognizing this, Mr. Moghtader alleges that "Defendant NBME provides a substantial public function, as virtually all state medical licensing boards, including Texas, rely exclusively on tests administered and evaluated by the NBME." Complaint ¶ 46. But, even if true, this is not enough to establish NBME as a public actor.

Courts have held that NBME is not a state actor. *See Boggi v. Med. Review & Accrediting Council*, 415 Fed. Appx. 411, 414 (3d Cir. 2011) (affirming dismissal of § 1983 claim against NBME and various "NBME defendants," including Dr. Melnick, where the pleadings "did not show that those defendants engaged in any conduct that could be considered state action for purposes of § 1983"); *Thomas v. Nat'l Bd. of Medical Examiners*, No. 13-3946, 2015 U.S. Dist. LEXIS 18738 at *13 (E.D. Pa. Feb. 13, 2015) (dismissing First Amendment

freedom of association claim against NBME because NBME is not a "state actor"); *Zhang v. Fed. of State Med. Bds.,* No. 1:11CV129, 2011 U.S. Dist. LEXIS 152911 at *9 (M.D.N.C. Dec. 29, 2011) (dismissing § 1983 claims against all three defendants, including NBME, because the defendants "are private actors and there [was] no showing of any connection to a state actor"), *recommendations adopted*, 2012 U.S. Dist. LEXIS 139521 (M.D.N.C. Feb. 6, 2012), *aff'd*, 473 Fed. Appx. 193 (4th Cir. 2012).  This is consistent with the holdings in many analogous cases.  Indeed, courts have concluded overwhelmingly that the use of a standardized test by state entities as a component of the licensure or admission processes does not convert the private testing organization that develops and administers the test into a state actor.  *See, e.g., Johnson v. Educational Testing Serv.*, 754 F.2d 20, 23-5 (1st Cir. 1985) (finding that, under guidelines outlined by the Supreme Court, ETS is not a state actor, and rejecting plaintiff's constitutional claims).[2]

---

[2]  *See also Sims v. Hassenplug,* 2006 U.S. Dist. LEXIS 50655, at *12-16 (M.D. Ga. 2006) (holding that Georgia's reliance upon scores achieved on an ETS exam, the PRAXIS test, as part of the process for certifying teachers did not make ETS a state actor); *Walsh v. Massachusetts Bd. of Bar Examiners*, 2002 U.S. Dist. LEXIS 6507, at *5 (D. Mass. 2002) (holding that the National Conference of Bar Examiners, which develops exams that states rely upon as part of their process for licensing attorneys, is not a state actor); *Metzger v. Nat'l Comm'n on Certif. of Physician Assistants*, 2001 U.S. Dist. LEXIS 658, at *3-12 (E.D. Pa. 2001) (holding that Pennsylvania's reliance on an exam developed by the NCCPA, a private testing organization, as part of its process for certifying physician assistants did not make NCCPA a state actor under any of the three tests articulated by the U.S. Supreme Court); *Sammons v. Nat'l Comm'n on Certif. of Physician Assistants*, 104 F. Supp. 2d 1379, 1382-83 (N.D. Ga. 2000) (also holding that NCCPA was not a state actor); *Staudinger v. Educational Comm'n for Foreign Medical Graduates,* 1993 U.S. Dist. LEXIS 5576, at *5-16 (S.D.N.Y. 1993) (holding that the "work performed by ECFMG – testing and otherwise certifying that foreign medical school graduates are qualified to practice medicine – did not make the ECFMG a state actor); *Tolleson v. Educational Testing Serv.*, 832 F. Supp. 158, 160-63 (D.S.C. 1992) (finding no state action where ETS canceled plaintiff's score on the National Teachers Examination); *Gilliam v. Nat'l Comm'n for Certif. of Physician Assistants,* 727 F. Supp. 1512, 1514 (E.D. Pa. 1989) (NCCPA not a state actor), *aff'd mem.*, 898 F.2d 140 (3d Cir. 1990).

To the extent that Mr. Moghtader attempts to plead a claim against NBME for violation of his Due Process rights under the Fifth Amendment (third cause of action), those claims fail because NBME is not a federal actor.  *See Tamfu*, 2011 U.S. Dist. LEXIS 148680, at *21-22 ("The Fifth Amendment . . . applies only to due process violations by a federal actor.") (citation omitted).

### E.     Plaintiff Fails to State a Claim for "Damages to Reputation."

As discussed above, *see supra* at 9, it is not clear what legal claim Mr. Moghtader seeks to assert in his "fifth cause of action," entitled "damages to reputation."

To the extent that Mr. Moghtader seeks to assert a claim sounding in defamation, he has failed to plead that any statement was made, that it was false, or that it damaged him.  *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (discussing elements of defamation claim under Texas law) (citation omitted).  He has also failed to plead that NBME acted negligently in making any such statement and he has not identified the speaker.  *See Ameen v. Merck & Co., Inc.*, 226 Fed. Appx. 363, 370 (5th Cir. 2007) (citation omitted).

Alternatively, to the extent that Mr. Moghtader is claiming damage to his reputation as some type of "liberty" or "property" interest entitled to constitutional protection, this claim fails because NBME is not a federal or state actor, *see supra* at 11-12, and "case law has established that there is 'no support for the proposition that reputation alone, apart from some more tangible interests . . . is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause."  *See Tamfu*, 2011 U.S. Dist. LEXIS 148680, at *25 (citation omitted).

### F. Plaintiff Has Failed to State any Claim Against Dr. Melnick, or to Establish Personal Jurisdiction Over Dr. Melnick.

Plaintiff has not asserted any legal claims against Dr. Melnick, much less alleged *any* facts that would support any claim against Dr. Melnick. Nor could he. Any such claims would fail as a matter of law. Dr. Melnick should therefore be dismissed from this lawsuit pursuant to Fed. R. Civ. P. 12(b)(6).

First, individuals cannot be held liable for alleged violations of Title II of the ADA, which is the only ADA Title referenced by Mr. Moghtader in his complaint. *See, e.g.*, *Barkwell v. Rich*, No. 1:09-CV-1019, 2012 U.S. Dist. LEXIS 120477, at *14-15 n.2 (E.D. Tex. July 20, 2012) ("The definition of 'public entity' that pertains to claims filed under Title II of the ADA does not include individuals."). Dr. Melnick is not a "public entity" covered by Title II.

Second, Dr. Melnick cannot be sued for an alleged violation of Section 504 of the Rehabilitation Act, because, among other things, there is no allegation that he is a recipient of federal funds. *See Gragg v. Thoron*, No. 14-3315, 2015 U.S. Dist. LEXIS 30263, at *2-3 (C.D. Ill. Mar. 12, 2015) (dismissing Rehabilitation Act claims against individual defendants).

Third, Dr. Melnick cannot be sued for alleged violations of Mr. Moghtader's constitutional rights because he is neither a federal nor state actor. *See United States v. Price*, 383 U.S. 787, 799 (1966) ("'The Fourteenth Amendment protects the individual against state action, not against wrongs done by individuals.'") (citation omitted); *Tamfu*, 2011 U.S. Dist. LEXIS 148680, at *21-22; *Cordova v. University of Notre Dame du Lac*, No. 3:11-cv-210, 2011 U.S. Dist. LEXIS 143762, at *15-16 (N.D. Ind. Dec. 13, 2011).

Dr. Melnick must also be dismissed from this lawsuit for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Dr. Melnick lives and works in Pennsylvania. *See* Complaint ¶¶ 4-5. No facts are alleged in the Complaint that would support the Court's

exercising jurisdiction over Dr. Melnick in this forum, even if plaintiff had actually asserted any claim against him.

## CONCLUSION

For the foregoing reasons, NBME and Dr. Melnick respectfully request that the Complaint be dismissed in its entirely insofar as it purports to assert claims against them, and that the Court order such other and further relief as may be appropriate.

Dated: August 3, 2015                                      Respectfully submitted,

/s/ Joseph A. Bourbois
Joseph A. Bourbois
Texas State Bar No.:  00790342
Norton Rose Fulbright US LLP
300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile:   (210) 270-7205
Joseph.bourbois@nortonrosefulbright.com

Robert A. Burgoyne (*pro hac vice* application
   to be filed with the Court)
D.C. Bar No.: 366757
Norton Rose Fulbright US LLP
799 9th Street NW
Suite 1000
Washington, DC 20001-4501
Telephone:  (202) 662-0200
Facsimile:   (202) 662-4643
Robert.burgoyne@nortonrosefulbright.com

**ATTORNEYS FOR DEFENDANTS NATIONAL BOARD OF MEDICAL EXAMINERS AND DONALD E. MELNICK**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of August, 2015, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

    Donald G. Henslee
    Law Offices of Donald G. Henslee
    700 Lavaca Street, Suite 1400
    Austin, TX 78701

                                      */s/ Joseph A. Bourbois*
                                      Joseph A. Bourbois