IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SINA MOGHTADER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 5:15-cv-00508-FB |
| NATIONAL BOARD OF MEDICAL | § | |
| EXAMINERS, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS ROSS UNIVERSITY SCHOOL OF MEDICINE, DEVRY MEDICAL INTERNATIONAL, INC., AND DEVRY EDUCATIONAL GROUP, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendants Ross University School of Medicine ("RUSM"), DeVry Medical International, Inc. ("DeVry Medical"), and DeVry Educational Group, Inc. ("DeVry Education") (collectively the "DeVry Defendants"), file this their Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, including Supporting Points and Authorities, seeking dismissal with prejudice of all of Plaintiff Sina Moghtader's ("Plaintiff") claims against them, and in support thereof, respectfully shows as follows:

## I.    INTRODUCTION

Plaintiff brought multiple claims against several defendants resulting from his failure of Step Two of the United State Medical Licensing Examination ("USMLE"), which is administered and sponsored by the National Board of Medical Examiners ("NBME").  Passing the three phases of the USMLE within a prescribed time period is a necessary component to

maintaining enrollment at RUSM.  As such, Plaintiff's inability to pass Step Two ultimately resulted in his dismissal from RUSM in accordance with school policy and licensure requirements.  Plaintiff's resulting dismissal from RUSM is the basis of his claims against RUSM, and thus, all DeVry Defendants.[1]

Plaintiff has effectively brought two claims against the DeVry Defendants: (1) a claim for breach of contract; and (2) a claim for disability discrimination under Section 504 of the Rehabilitation Act ("Section 504) and Title II of the Americans with Disability Act ("ADA").  Irrespective of the mootness issue noted in fn. 1, Plaintiff's claims against the DeVry Defendants must fail because they do not meet the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff's breach of contract claim fails for three reasons.  First, Plaintiff failed to sufficiently plead the existence of a valid contract between himself and RUSM.  Second, Plaintiff failed to plead or identify specific contract language that forms the basis of his contract claim, what academic or nonacademic services RUSM was required to provide, but did not, or how that failure caused his dismissal from RUSM – all required allegations of a contract claim arising in an academic setting.  As federal courts in Texas have often noted, judicial meddling in academic decisions is strongly disfavored.  Third, Plaintiff failed to plead probable causation of his damages resulting from the alleged breach by the DeVry Defendants.  Plaintiff's breach of contract claims against all DeVry Defendants should be dismissed.

Plaintiff's Section 504 and ADA claims against the DeVry Defendants likewise fail for three reasons.  First, Plaintiff failed to allege that the DeVry Defendants actually discriminated against him, much less that the unpled discrimination was the result of his disability –

---

[1] Plaintiff's claims against the DeVry Defendants; however, are now moot because a case or controversy does not exist.  Following completion of RUSM's appeal process, Plaintiff has been reinstated at RUSM.  *See* Exhibit 1.

requirements of both a Section 504 and ADA claim.  Plaintiff also failed to allege that the DeVry

Defendants "intentionally discriminated" against him; again fatal to his claims.  Second, Plaintiff

failed to allege that he is substantially limited in a major life activity because of his purported

disability.   Demonstrating a substantial limitation in a major life activity is a pleading

requirement of both a Section 504 and ADA claim.  Third, Plaintiff cannot maintain his Section

504 and ADA claims against the DeVry Defendants because he has not pled nor shown that the

DeVry Defendants are state actors or that they receive federal financial funding.  Without such a

showing, Plaintiff's Section 504 and ADA claims must fail.

Finally, and irrespective of the foregoing, Plaintiff's claims against DeVry Medical and

DeVry Education must fail because he has not asserted any independent claims against either

defendant.   Rather, Plaintiff seeks to hold both entities liable solely for the actions of their

subsidiary, RUSM.   Plaintiff, however, wholly fails to plead any justification for why the

corporate form of either entity should be disregarded.  Stated simply, the Court should adhere to

the bedrock principle of corporate law – that a parent is not liable for the actions of its

subsidiaries – and dismiss Plaintiff's claims against DeVry Medical and DeVry Education.

In light of the foregoing, Plaintiff has failed to state a claim against the DeVry

Defendants upon which relief can be granted.  Dismissal under Rule 12(b)(6) of the Federal

Rules of Civil Procedure is warranted.

## II.    BACKGROUND

Plaintiff Sina Moghtader enrolled as a medical student at RUSM in 2008.  Complaint,

¶13.  Prior to his enrollment, Plaintiff alleges to have been diagnosed with a learning disability

while at the University of Texas at San Antonio.  *Id.* at ¶¶10-11.  Plaintiff contends he

experienced success as a student at RUSM from 2008 through 2010, but near the end of 2010 –

shortly before he was to take the required Step One of the USMLE - Plaintiff claims he began experiencing some difficulties.  Complaint, ¶¶15-16.  As a result, Plaintiff requested testing accommodations from the NBME on Step One of the USMLE. *Id.* at ¶16.  On February 17, 2011, the NBME denied his request.[2]  *Id.* at ¶17.  Plaintiff subsequently took Step One of the USMLE without accommodations and achieved a passing score. *Id.* at ¶21.

Plaintiff was next required to take Step Two of the USMLE to further his licensure process and maintain enrollment at RUSM.  Prior to taking Step Two of the USMLE, Plaintiff alleges to have been diagnosed with ADHD in October 2011.  *Id.* at ¶¶18-19.  As a result, Plaintiff submitted a separate request for testing accommodations to the NBME on January 20, 2012, for Step Two of the USMLE.  *Id.*  On July 5, 2012, the NBME denied his request for accommodations on Step Two.  *Id.* at ¶20.  Plaintiff contends another request was later denied by the NBME; however the specifics of his request and subsequent denial are not pled.  *Id.* at ¶26. Plaintiff never completed Step Two of the USMLE.  *See id.* at ¶27.

Following his failure to pass Step Two of the USMLE, Plaintiff was dismissed from RUSM on April 15, 2015 in accordance with school policy.  *Id.* at ¶39.  This lawsuit followed on June 18, 2015.  (Docket 1).  On July 13, 2015, Plaintiff administratively appealed his dismissal from RUSM.  On August 4, 2015, RUSM granted Plaintiff's appeal and provided him one additional year to complete Step Two of the USMLE.  *See* Exhibit 1.  Plaintiff received notice of his re-instatement on August 5, 2015.  Irrespective of the mootness of Plaintiff's claims against the DeVry Defendants, they are still ripe for dismissal for multiple other reasons set forth below.

---

[2] Notably, the DeVry Defendants were not involved in the NMBE's decision to deny Plaintiff's requests for accommodations. *See id.* at ¶¶20, 26.

### III.   ARGUMENTS AND AUTHORITY

    **A.**   ***Plaintiff's Claims Against the DeVry Defendants Must Be Dismissed Under Federal Rule 12(b)(6) Because They Fail to Satisfy the Basic Pleading Requirements of Federal Rule 8(a)(2).***

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12 (b)(6). To survive a motion to dismiss under Federal Rule 12(b)(6), Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle,* 517 F.3d 738, 742 (5th Cir. 2008). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Dawson v. Bank of America,* No. 4:14-CV-1814, 2014 WL 4215373, at *1 (S.D. Tex. Aug. 25, 2014), *affirmed,* 605 Fed. App'x 263 (5th Cir. 2015), *quoting Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). Moreover, a complaint must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *United States ex. rel. George v. Boston Scientific Corp.,* 864 F. Supp. 2d 597, 602 (S.D. Tex. 2012), *quoting Iqbal,* 556 U.S. at 678; *see also Iqbal,* 556 U.S. at 678-79 (noting that Rule 8 "does not unlock the doors to discovery for a plaintiff armed with nothing more than conclusions").

Plaintiff must plead sufficient factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements or "naked assertion[s] devoid of further factual enhancement" do not suffice. *Iqbal,* 556 U.S. at 663, 678.

Rather, Plaintiff's Complaint must "possess enough heft to sho[w] that the pleader is entitled to relief." *Twombly,* 550 U.S. at 557. In ruling on such a motion, the Court may consider documents central to the claims and which are referred to in it, and information properly subject to judicial notice. *United States ex rel. Ruscher v. Omnicare, Inc.,* No. 4:08-cv-3396, 2014 WL 2618158, at *5 (S.D. Tex. June 12, 2014); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000).

### B. Plaintiff Fails to Plead a Cognizable Breach of Contract Claim Against the DeVry Defendants.

#### 1. Judicial Meddling Into Academic Decisions Is Disfavored in Texas Courts.

"Courts recognize breach-of-contract claims in the educational context, but with significant limits." *Tapp v. Univ. of Texas Health Scis. Ctr. at Houston – School of Dentistry,* No. Civ. A. H-11-2917, 2011 WL 6339819, *5 (S.D. Tex Dec. 19, 2011) (Rosenthal, J.). "Courts are highly skeptical of such claims when they arise from disputes over academic performance." *Id.*

Under Texas law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir.2003). Moreover, in an academic setting such as this, Plaintiff must further allege the specific terms of the contract and how they were breached. *Pathria v. Univ. of Texas Health Science Ctr. at San Antonio,* No. SA-12-CV-388, 2013 WL 265241, *2 (W.D. Tex Jan. 23, 2013) (In finding a breach of contract claim failed to meet the *Twombly* standard, noting that "Plaintiff fail[ed] to allege what the specific terms of the contract were and how they were violated by the University."). This he has not done.

In pleading his breach of contract claim against the DeVry Defendants, Plaintiff offers nothing more than a mere "formulaic recitation of the elements" of a contract action.  Complaint, ¶¶30-34.  The relevant allegations Plaintiff has pled are that (1) "a valid contract exists between RUSM and Plaintiff," (2) "Plaintiff performed according to the terms of the contract," and (3) "Defendant RUSM breached the contract when it dismissed Plaintiff from its medical school. Such conclusory allegations are insufficient to meet the pleading standards of a contract action under Federal Rule 8(a), particularly in the context of an academic setting.  *See Pathria,* 2013 WL 265241 at *2.  Plaintiff's contract claims against the DeVry Defendants must fail.

2.     *Tapp Provides Persuasive Authority to Dismiss Plaintiff's Contract Claims.*

The district court's opinion in *Tapp* is particularly instructive.  In *Tapp,* the plaintiff was a student at the University of Texas Health Sciences Center at Houston – School of Dentistry, who was dismissed for failing to meet certain academic benchmarks.  2011 WL 6339819, *2. The student contended that his poor performance was the result of an ADHD disability, and that his dismissal was discriminatory.  *Id.* at *1.   The student exhausted all of his administrative appellate remedies, and following denial of the same,[3] brought suit against the university for violations of Section 504 and the ADA.[4]  *Id.*  The student later attempted to amend his complaint to include a breach of contract claim.  *Id.* at *5.  The district court denied leave because the proposed complaint failed to meet "the legal requirements of pleading a breach of contract claim in the academic context and the general standards for sufficient pleading."  *Tapp,* 2011 WL 6339819 at *6.  In holding the proposed complaint deficient, the court specifically noted that "Tapp has not identified any contract language as the basis for his claim of breach. Nor has Tapp

---

[3] This is one fact where *Tapp* diverges from the present matter.  Here, Plaintiff filed an appeal with RUSM for reinstatement and the appeal was granted.  Plaintiff is presently a student at RUSM, and thus, his claims against the DeVry Defendants are moot.

[4] The student's Section 504 and ADA claims were dismissed as untimely under the applicable two year statute of limitations.

hinted at what academic and nonacademic services UTHealth was required to provide and did not, or how that failure caused his dismissal." *Id.*

Like *Tapp,* Plaintiff's breach of contract claim against the DeVry Defendants wholly fails to (1) identify any contract language as the basis of his claim, (2) identify what academic and nonacademic services RUSM was required to provide and did not, and (3) identify how any such unalleged failure(s) caused his dismissal. *See* Complaint, ¶¶30-34.  Plaintiff merely states that he was dismissed from RUSM and that this was a breach of some unidentified contract with RUSM, the terms of which are entirely unclear.  Plaintiff's allegations are insufficient to withstand attack under Federal Rules 8(a) and 12(b)(6).

### 3.     *Plaintiff Has Failed to Please Plausible Causation.*

Lastly, Plaintiff fails to sufficiently allege that RUSM's purported breach of contract *caused* him damages.  *See* Complaint, ¶¶30-34.  Pleading plausible factual allegations that defendant's breach *caused* plaintiff damages is a necessary pleading requirement of a contract claim, and Plaintiff's failure to do so is fatal.  *Casares v. Agri-Placements Intern., Inc.,* 12 F.Supp.3d 956, 978 (S.D. Tex. 2014), *citing Amigo Broadcasting, LP v. Spanish Broadcasting Sys., Inc.,* 521 F.3d 472, 482-83 (5th Cir. 2008).

In *Casares,* the district court found that the plaintiff's mere recital that "API's breach of its contract with YCCG proximately caused Plaintiff's injury" was insufficient to meet the plausible causation pleading requirement.  *Id.*  In finding that the allegation could not survive a Federal Rule 12(b)(6) attack, the court noted that the paragraph amounted "to no more than a threadbare recital of this element of Plaintiff's cause of action, supported by a mere conclusory statement."  *Id.* (internal quotations omitted).  Here, Plaintiff fails to even offer a threadbare recital or conclusory statement of the required element.  Instead, he has wholly failed to plead

any causal allegation of his contract claim.  Again, Plaintiff's contract claims against the DeVry

Defendants should be dismissed.

### C.    *Plaintiff Has Not Pled Sufficient Allegations To State a Valid Claim for Relief of Disability Discrimination Under the ADA or Section 504.*

#### 1.    *Plaintiff Fails to State a Claim Under Title II of the ADA Because the DeVry Defendants Are Not State Entities Subject to Title II.*

Plaintiff's disability discrimination claim under the ADA is alleged to arise under Title II

of the ADA.  More specifically, Plaintiff cites and relies upon 42 U.S.C. Sections 12131-12150

to support his ADA claim. These sections are contained in Title II of the ADA, which is

applicable to "public entities," including state or local governments. *See* 42 U.S.C. §§ 12131-

12132. Because none of the DeVry Defendants are public entities—and Plaintiff does not allege

otherwise—these provisions of the ADA do not apply to the DeVry Defendants.  As such,

Plaintiff has failed to state a valid claim for relief against the DeVry Defendants under Title II of

the ADA.  Plaintiff's ADA claim must be dismissed.

#### 2.    *Plaintiff Fails to State a Claim Under Section 504 of the Rehabilitation Act Because He Fails to Allege that the DeVry Defendants Are Recipients of Federal Financial Assistance.*

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified

individual with a disability ... shall, solely by reason of her or his disability, be excluded from

participation in, be denied the benefits or, or be subject to discrimination under any program

or activity *receiving Federal financial assistance ....*" 29 U.S.C. § 794(a) (emphasis added).

To pursue a claim under Section 504, Plaintiff has to show "that the program or activity in

question receives federal financial assistance." *Pickens v. Comcast Cable,* No. WDQ-13-2236,

2015 U.S. Dist. LEXIS 1514, at *6 (D. Md. Jan. 7, 2015).

Plaintiff has failed to allege that any of the DeVry Defendants receive federal financial assistance, an essential element of a Section 504 claim and the Rehabilitation Act. *See Pace v. Bogalusa City School Bd.*, 403 F.3d 272, 291 (5th Cir. 2005) ("The primary difference between the ADA and § 504 is that § 504 applies only to recipients of federal funds."); *Shah*, 54 F. Supp. 3d at 704 (stating that receipt of federal financial assistance is an essential element of a Section 504 claim). Plaintiff's failure to allege the existence of federal financial assistance is fatal to his Section 504 claims. As such, Plaintiff's Section 504 claims against the DeVry Defendants should be dismissed. *See generally Pickens*, 2015 U.S. Dist. LEXIS 1514, at *6 (dismissing claim for failure to allege receipt of federal funds); *Day v. Nat'l Elec. Contractors Assoc.*, No. 1:13-cv-547, 2014 U.S. Dist. LEXIS 181415, at *14 (S.D. Ohio Mar. 31, 2014) (same).

> 3.   *Plaintiff Has Not Pled Facts Demonstrating That The DeVry Defendants Discriminated Against Him By Reason of a Disability, Nor Has Plaintiff Pled Facts Demonstrating That the DeVry Defendants "Intentionally" Discriminated Against Him.*

At the outset, Plaintiff has not alleged facts demonstrating that the DeVry Defendants actually discriminated against him by reason of a disability. A sufficiently pled ADA and Section 504 claim both require a factual showing that the defendants discriminated against the plaintiff, and that such discrimination was by reason of his disability. *Melton v. Dall. Area Rapid Transit,* 391 F.3d 669, 671-72 (5th Cir. 2004). Here, the only allegation made against the DeVry Defendants is that Plaintiff was dismissed from RUSM following his failure to pass Step Two of the USMLE. *See* Complaint, ¶¶28, 40. As Plaintiff himself acknowledges, his dismissal from RUSM was based solely on his failure to pass Step Two of the required USMLE. *Id.* at ¶¶38-39 ("Plaintiff's failure of that test caused his dismissal from RUSM"). Nowhere in his Complaint does Plaintiff plead or otherwise state that RUSM's decision to dismiss him was for any other reason than his failure of Step Two. Stated differently, Plaintiff does not allege or

show that his dismissal from RUSM was discriminatory in nature or that it was based on any alleged disability.

Additionally, Plaintiff has not pled that the DeVry Defendants intentionally discriminated against him.  Courts have universally held that the third element of Section 504 and the ADA – discrimination by reason of plaintiff's disability – requires a showing of intentional discrimination on the part of the defendant.  *Borum v. Swisher County,* No. 2:14-CV-127-J, 2014 WL 4814541, *9 (N.D. Tex. Sept. 29, 2014) (Robinson, J.).   Nowhere in the Complaint, however, is it pled that the DeVry Defendants intentionally discriminated against Plaintiff.  This is fatal to Plaintiff's Complaint.  And while plaintiffs can satisfy the intentional discrimination requirement by pleading that a defendant failed to make reasonable accommodations to the needs of the disabled person, Plaintiff's Complaint is devoid of any such allegations directed towards the DeVry Defendants.  *Id.* at *10.   Rather, every allegation regarding the failure to make reasonable testing accommodations is directed solely at the NMBE.   *Complaint,  ¶*37 ("Defendant NMBE refused to make reasonable accommodations required by law even though often requested to do so"); s*ee also id.* at ¶¶17, 20, 22, 25, 26, 38.  Plaintiff's Section 504 and ADA claims fail.

        4.    *Plaintiff Has Not Pled That He Is Substantially Limited In Any Major Life Activity.*

Plaintiff's alleged claims against the DeVry Defendants for disability discrimination under the ADA and Section 504 require a showing that he was substantially limited in a major life activity.  Specifically, the ADA defines disability as "a physical or mental impairment that substantially limits one or more … major life activities …." 42 U.S.C. § 12102 (1). This definition is likewise applicable to claims under the Rehabilitation Act. *See Brown v. Texas State*

*Univ. Sys. Bd. of Regents,* No. A-13-CA-483-SS, 2013 U.S. Dist. LEXIS 173818, at *38 (W.D. Tex. Dec. 12, 2013).

Plaintiff alleges that he was diagnosed with both a learning disability and ADHD, and then concludes without explanation that he is disabled within the meaning of the ADA and Section 504.  Complaint ¶¶11, 18, 35.  Plaintiff, however, fails to allege how he is substantially limited in any major life activity relevant to taking the USMLE.  This failure is fatal to Plaintiff's Complaint. *See Mora v. Univ. of Texas Southwestern Med. Ctr.*, 469 Fed. Appx. 295, 297 (5th Cir. 2012) ("Although Mora alleged that she is an alcoholic and recited that her alcoholism impairs a major life activity, she did not specify which of her 'life activities' is substantially limited. This is fatal to stating a valid claim for relief."); *Hale v. King,* 642 F.3d 492, 501 (5th Cir. 2011) ("Absent allegations that Hale's ailments substantially limited him in the performance of a major life activity, Hale has failed to state a claim for relief under subsection A of the ADA's definition of disability.") (citation omitted); *Dark v. Potter,* 293 Fed. Appx. 254, 258-59 (5th Cir. 2008) (affirming dismissal of complaint where plaintiff "does not state the nature of her disability or its imposed limitations on her life"); *Brown,* 2013 U.S. Dist. LEXIS 173818, at *37-38 (dismissing claims under Section 504 where plaintiff "merely states, in a conclusory fashion, he was 'temporarily disabled' after 'major surgery'").

Plaintiff's Section 504 claim further fails because Plaintiff has not alleged that he was discriminated against "solely by reason of his disability." *See* 29 U.S.C. § 794 (a); *see also Shah v. Univ. of Texas Southwestern Med. School,* 54 F. Supp. 3d 681, 704 (N.D. Tex. 2014) (granting motion to dismiss Section 504 claim asserted by a student who had been dismissed from medical school for academic reasons where, among other things, plaintiff failed to plausibly plead "that

he was discriminated against solely on the basis of his disability", which is an essential element of a Section 504 claim).

### D.   Plaintiff Has Not Pled Sufficient Allegations to Hold DeVry Medical and DeVry Education Liable for RUSM's Actions.

Plaintiff joined DeVry Medical and DeVry Education in his breach of contract, Section 504, and ADA claims against RUSM based solely on the fact that both defendants are alleged to be parent entities of RUSM.  Complaint, ¶¶33-34.  Specifically, Plaintiff pleads that (1) "DeVry Medical International, Inc. is liable for the damages caused by its subsidiary, RUSM"; and (2) "DeVry Educational Group, Inc. is liable for the damages caused by [sic] its subsidiaries, DeVry Medical International, Inc. and RUSM."  *Id.* at ¶33-34; *see also id. at* ¶42.  Plaintiff offers no basis, explanation, authority, or principle demonstrating why or how DeVry Medical or DeVry Education can be held liable for the actions of their subsidiaries.  Plaintiff's conclusory, unexplained statements that both entities are liable for the actions of their subsidiaries is insufficiently pled to state a valid claim for relief against DeVry Medical or DeVry Education. More importantly, Plaintiff's conclusory allegations fly squarely in the face of well-established, black letter corporate principles of both federal and Texas law.  *Bridas S.A.P.I.C. v. Government of Turkmenistan,* 447 F.3d 411, 416 (5th Cir. 2006); Lucas v. Tex. Indus., Inc., 696 S.W.2d 372, 374 (Tex.1984).

"A bedrock principle of corporate law is that 'a parent corporation . . . is not liable' for actions taken by its subsidiaries."  *Id.*  Any attempt to disregard the corporate form, including "all variations of piercing the corporate veil doctrine" are "reserved for exceptional cases."  *Id.* Plaintiff has not pled an exceptional case.  Indeed, Plaintiff has not pled any case at all.  His Complaint does not contain a single allegation explaining or justifying why the Court should disregard the corporate form of either DeVry Medical or DeVry Education.  Such a failure is

fatal to Plaintiff's attempt to hold DeVry Medical and DeVry Education liable for RUSM's alleged actions.  Plaintiff was required to provide DeVry Medical and DeVry Education fair notice of <u>their</u> actionable conduct.  This he has not done.

Assuming the Court finds Plaintiff sufficiently pled claims against RUSM for breach of contract and disability discrimination under Section 504 and the ADA, the Court must dismiss all claims against DeVry Medical and DeVry Education because there is no allegation or basis to disregard the corporate form of either entity.  DeVry Medical and DeVry Education's mere existence as parent entities – standing alone – is not enough.

## IV.    CONCLUSION

For the foregoing reasons, Defendants Ross University School of Medicine, DeVry Medical International, Inc., and DeVry Educational Group, Inc. respectfully request that the Court dismiss with prejudice all of Plaintiff's claims alleged against them, and for such other and further relief as to which they justly be entitled.

Dated: August 7, 2015                    Respectfully submitted,

**BAKERHOSTETLER LLP**

By:    */s/ Dennis P. Duffy*
    Dennis P. Duffy – Lead Counsel
    State Bar No. 06168900
    dpduffy@bakerlaw.com
    John W. Petrelli, III
    State Bar No. 24056125
    jpetrelli@bakerlaw.com
    811 Main Street, Suite 1100
    Houston, Texas  77002
    Telephone: (713) 751-1600
    Facsimile:  (713) 751-1717

**ATTORNEYS FOR DEFENDANTS DEVRY MEDICAL INTERNATIONAL, INC., DEVRY EDUCATIONAL GROUP, INC., AND ROSS UNIVERSITY SCHOOL OF MEDICINE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2015, I electronically filed the foregoing

instrument with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following counsel of record:

Joseph A. Bourbois
Norton Rose Fulbright US LLP
300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone:  210.224-5575
Facsimile:  210.270.7205
Joseph.bourbois@nortonrosefulbright.com

Robert A. Burgoyne
Norton Rose Fulbright US LLP
799 9th Street NW
Suite 1000
Washington, DC 20001-4501
Telephone:  202.662.0200
Facsimile:  202.662.4643
Robert.burgoyne@nortonrosefulbright.com

Donald G. Henslee
Law Offices of Donald G. Henslee
700 Lavaca Street, Suite 1400
Austin, TX  78701

 

*/s/ Dennis P. Duffy*
Dennis P. Duffy