```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                        SAN ANTONIO DIVISION


SINA MOGHTADER,                  *
                                 *
          Plaintiff,             *
                                 *
v.                               *    CIVIL NO. SA-15-CA-00508-FB
                                 *
NATIONAL BOARD OF MEDICAL EX-    *
AMINERS, ROSS UNIVERSITY         *
SCHOOL OF MEDICINE, DEVRY        *
MEDICAL INTERNATIONAL, INC,      *
DEVRY EDUCATIONAL GROUP, INC,    *
DAVID E MELNICK,                 *
                                 *
          Defendants.            *
```

## MEMORANDUM AND RECOMMENDATION

Sina Moghtader, a former student of the Ross University School of Medicine ("RUSM"), filed this lawsuit alleging that he suffers from a diagnosed learning disability and Attention Deficit Hyperactivity Disorder ("ADHD") which the National Board of Medical Examiners ("NBME") refused to accommodate, resulting in his dismissal from medical school. He has presented causes of action for breach of contract, for violations of the Rehabilitation Act of 1973 and the Americans With Disabilities Act ("ADA"), and for violations of due process and equal protection. Plaintiff also brings a claim for damage to his reputation.

The NBME and Dr. Donald (erroneously named David by plaintiff) E. Melnick, the president of NBME, have filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. (Docket no. 7).

1

RUSM, DeVry Medical International, Inc., and DeVry Educational Group, Inc. (the "DeVry defendants") have also filed a motion to dismiss under Rule 12(b)(6).  (Docket no. 10).  Plaintiff has not responded.  Having considered plaintiff's complaint, the motions, and the applicable law, the Court is of the opinion the motions should be granted.

## Background

In his complaint, plaintiff alleges that he was diagnosed with a learning disability during the time he was a student at the University of Texas at San Antonio between 2002 and 2008. As a result, he was allowed extra time to take tests.  In 2008, plaintiff entered RUSM which was aware of the UTSA diagnosis and accommodations.

Near the end of the 2010 school year, plaintiff experienced some difficulties and requested accommodations from the NBME on Step One of the United States Medical Licensing Exam ("USMLE"). He was denied the requested accommodations on February 17, 2011. On October 31, 2011, plaintiff was diagnosed with ADHD.  He submitted an additional request to the NBME on January 20, 2012 for accommodations on Step Two of the USMLE.  The NBME denied the request for accommodations on July 5, 2012.

The rationale provided to deny the request was "Our records show that you successfully completed Step One under standard conditions. This does not demonstrate impaired functioning that

limits a major life activity or that the standard administration of Step 2CK is insufficient for you needs." Further evaluation of plaintiff in 2015 by another highly qualified and widely respected psychologist resulted in essentially the same findings and recommended testing accommodations. Although plaintiff again requested testing accommodations, the NBME once again refused accommodations.

During the period of time set out above, RUSM initially delayed its required timeline for completion of courses while plaintiff and the NBME worked through the testing accommodation issues. On April 30, 2015, RUSM changed its practice without notice to plaintiff and dismissed plaintiff from the medical school. Plaintiff alleges that RUSM had full knowledge of the NBME's illegal conduct in refusing testing accommodations. According to the DeVry defendants' motion to dismiss, on July 13, 2015, plaintiff administratively appealed his dismissal from RUSM. On August 4, 2015, RUSM granted the appeal and provided him one additional year to complete Step Two of the USMLE. (Docket no. 10, exh. 1). The DeVry defendants contend that, irrespective of the mootness of plaintiff's claims, they are still ripe for dismissal for multiple other reasons.

According to the motions to dismiss, the NBME is a not-for-profit organization that provides assessment services for the health professions. Together with the Federation of State Medi-

3

cal Boards, the NBME sponsors the USMLE, a standardized examination that state licensing authorities have chosen to accept as evidence of an applicant's competence for medical licensure in the United States and its territories.  The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

There are three phases of the USMLE, consisting of four examinations known as "Steps."  Step 1 of the USMLE is a multiple-choice examination that assesses understanding and application of basic science concepts important to the practice of medicine.  The Step 2 Clinical Knowledge (CK) examination is a multiple-choice examination that assesses the application of medical knowledge, skills, and understanding of clinical science essential for the provision of patient care under supervision and includes emphasis on health promotion and disease prevention.  The Step 2 Clinical Skills (CS) examination utilizes trained actors as standardized patients and assesses whether examinees can effectively gather information from patients, perform physical examinations, and communicate findings to patients and colleagues.  The Step 3 examination assesses whether examinees can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine, with

emphasis on patient management in ambulatory settings. Passing the three phases of the USMLE within a prescribed time period is a necessary component to maintaining enrollment at RUSM. As such, plaintiff's inability to pass Step Two ultimately resulted in his dismissal from RUSM in accordance with school policy and licensure requirements.

Testing accommodations are available for disabled individuals who need them in order to access the USMLE. All accommodation requests are individually reviewed by the NBME, and reasonable accommodations are provided as warranted to individuals who demonstrate that they are disabled within the meaning of the ADA.

### Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be sufficient to state a claim to relief that is plausible on its face and to raise a right to relief above the speculative level. ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). While a complaint need not con-

tain detailed factual allegations, it must include more than labels and conclusions or a formalistic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. The mere possibility of misconduct is not sufficient. *Iqbal*, 556 U.S. at 679.

## Analysis

### 1. Devry Defendants

Article III of the Constitution grants the Judicial Branch authority to adjudicate "Cases" and "Controversies." *Already, LLC v. Nike, Inc.*, ___ U.S. ___, 133 S.Ct. 721, 726, 184 L.Ed.2d 553 (2013). That limitation requires those who invoke the power of a federal court to demonstrate standing—a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* (*quoting Allen v. Wright*, 468 U.S. 737, 751 (1984)). An "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Id.* (*quoting Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.*, at ___, 133 S.Ct. at 727 (*quoting Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). No matter how vehemently the parties continue to dispute the lawfulness of the conduct that

precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights."  *Id*. (*quoting* ***Alvarez***, 558 U.S. at 93).

Plaintiff's claims against the Devry defendants are moot. In his complaint, plaintiff seeks damages based upon the failure of the NMBE to grant him a reasonable testing accommodation which caused him to fail the required Step Two of the USMLE and be dismissed from RUSM.  As noted in the letter attached to DeVry's motion to dismiss, RUSM has agreed to grant plaintiff's appeal and permit him one last attempt at USMLE Steps 2 CK and CS.  He must take and pass both examinations by July 31, 2016 or be dismissed from RUSM.

In their motion to dismiss, the Devry defendants contend that plaintiff's breach of contract claim, his first cause of action, should be dismissed because plaintiff failed to sufficiently plead the existence of a valid contract between himself and RUSM, plaintiff failed to plead or identify specific contract language that forms the basis of his contract claim, judicial meddling in academic decisions is strongly disfavored, and plaintiff failed to plead probable causation of his damages resulting from the alleged breach by the DeVry defendants.

The Devry defendants also challenge the sufficiency of plaintiffs Rehabilitation Act and ADA claims.  They state that

7

he failed to allege that the DeVry Defendants intentionally discriminated against him as a result of his disability, failed to allege that he is substantially limited in a major life activity because of his purported disability, and failed to allege that the DeVry defendants are state actors or that they receive federal financial funding.  Finally, the Devry defendants contend that plaintiff's claims against DeVry Medical and DeVry Education must fail because he has not asserted any independent claims against either defendant.

In his complaint, plaintiff did not request reinstatement into RUSM.  Instead, he only sought damages in the form of reimbursement for tuition, costs and fees at RUSM, and reimbursement for costs associated with his medical education for applications and attendance at required trainings, residencies and tests.  By granting plaintiff's appeal and reinstating him into RUSM, the Devry defendants have, in effect, eliminated those damages and placed plaintiff in the same position he was in prior to his dismissal.  Should he pass Step 2 of the USMLE, then it will be as if none of his claims against the DeVry defendants ever existed.  Should he not pass Step 2 of the USMLE, any future litigation against the Devry defendants would be based on a different set of facts.  No purpose is served by ruling on the legal issues raised in the motion of the Devry defendants to dismiss.

**2. NBME and Dr. Melnick**

   **a. Rehabilitation Act and ADA**

In his second cause of action, plaintiff alleges he is a disabled individual under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and the ADA, 42 U.S.C. §§ 12131-12150.  He alleges that, despite his requests, the NBME refused to make reasonable testing accommodations which caused him to fail Step 2 of the USMLE.  Defendants contend that plaintiff has failed to adequately plead a claim for disability discrimination.  Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  **42 U.S.C. § 12132.**  Because § 504 closely tracks the language of the ADA, both claims are analyzed together.  *Estate of A.R. v. Muzyka*, 543 Fed.Appx. 363, 364 (5th Cir. 2013).

To make a *prima facie* case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.  *Muzyka*, 543

9

Fed.Appx. at 364-65.  The *prima facie* case of discrimination under the Rehabilitation Act is operationally identical to the test under the ADA, requiring a plaintiff to allege: (1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of his handicap has been excluded from participation in, been denied benefits from, or otherwise has been subject to discrimination under such program or activity.  *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004).

The ADA defines disability as "a physical or mental impairment that substantially limits one or more . . . major life activities . . . ." **42 U.S.C. § 12102(1).**  *See Stewart v. City of Houston Police Dept.,* 372 Fed.Appx. 475, 477 (5th Cir. 2010). Plaintiff alleges that he has been diagnosed with both a learning disability and ADHD.  However, as defendants note, he fails to state how he is substantially limited in any major life activity.  He states only that the NBME violated the ADA and Rehabilitation Act by failing to grant him reasonable testing accommodations.  Plaintiff has done no more than provide a formalistic recitation of the elements of a cause of action which is fatal to stating a valid claim for relief.  *Twombly*, 550 U.S. at 555.  *See Mora v. University of Texas Southwestern Medical Cen-*

*ter*, 469 Fed.Appx. 295, 297 (5th Cir. 2012)(allegation that plaintiff is an alcoholic and that her alcoholism impairs a major life activity, without specifying which of her "life activities" is substantially limited, is fatal to stating a valid claim for relief). As defendants note, plaintiff's Rehabilitation Act claim fails for the additional reason that he has not alleged that he was discriminated against solely by reason of his disability. ***See Shah v. University of Texas Southwestern Medical School***, 54 F.Supp.3d 681, 704 (N.D.Tex. 2014).

### b. Constitutional claims

In his third cause of action, plaintiff alleges that the NBME's refusal to allow reasonable testing modifications deprived him of a liberty and property interest without procedural and substantive due process. He states that the NBME provides a substantial public function, as virtually all state medical licensing boards, including Texas, rely exclusively on tests administered and evaluated by the NBME. In his fourth cause of action, plaintiff states that he is originally from Iran and is a member of the Baha'i faith. He alleges that he has been denied equal protection because his religion and his national origin are the bases for the denial of the testing accommodation.

In order to state a claim against the NBME and Dr. Melnick under the Constitution, plaintiff must establish that they are

state actors.  Courts have held that they are not.  *Boggi v. Medical Review and Accrediting Council*, 415 Fed.Appx. 411, 414 (3d Cir. 2011); *Thomas v. NBME-National Bd. of Medical Examiners*, 2015 WL 667077, at *4 (E.D.Pa. 2015).  "Private individuals generally are not considered to act under color of law, i.e., are not considered state actors."  *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).  Plaintiff argues, however, that the NBME provides a substantial public function, as virtually all state medical licensing boards, including Texas, rely exclusively on tests administered and evaluated by the NBME.

In *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982), the Supreme Court held that the conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State.  The Court discussed a two-part approach to this question of "fair attribution."  *Id*.  First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.  *Id*.  Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.  *Id*.

Even if state medical licensing boards rely exclusively on tests administered and evaluated by the NBME, that fact does not make the actions of the NBME fairly attributable to the State.  In *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531

12

U.S. 288, 298 (2001), the Supreme Court found state action because of "the pervasive entwinement of public institutions and public officials in [the] composition and workings" of the Tennessee Secondary School Athletic Association.  Nothing in plaintiff's complaint suggests that such a pervasive entanglement exists between the NBME and the State.  Thus, plaintiff's constitutional claims should be dismissed.

### c. Damage to reputation

In his fifth and final cause of action, plaintiff alleges that the NBME has caused great harm to his reputation by its refusal to make testing accommodations, resulting in his dismissal from RUSM.  Arguably, this claim is also moot, in light of plaintiff's reinstatement to RUSM.  In any event, a plaintiff's claim of defamation by a state actor, standing alone and apart from any other governmental action against him, does not implicate a constitutionally protected interest under the Fourteenth Amendment.  ***Davis v. City of Aransas Pass***, 605 Fed.Appx. 429, 430 (5th Cir. 2015)(*citing* **Paul v. Davis**, 424 U.S. 693, 694, 712 (1976)).  Plaintiff has failed to state a valid cause of action upon which relief can be granted for damage to his reputation.

### Recommendation

It is, therefore, the recommendation of the Magistrate Judge that the motions of defendants to dismiss be **GRANTED.**

13

**Instructions for Service and
<u>Notice of Right to Appeal/Object</u>**

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy of those not registered by certified mail, return receipt requested.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed.R.Civ.P., any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 14 days after being served with a copy unless this time period is modified by the district court.  A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  ***Such party shall file the objections with the Clerk of Court and serve the objections on all other parties and the Magistrate Judge***.  A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a ***de novo*** determination by the district court.  ***See Thomas v. Arn***, 474 U.S. 140, 150 (1985).  Additionally, any failure to file timely written objections to the proposed findings, conclu-

sions, and recommendation contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. ***Douglass v. United Services Automobile Association***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** October 1, 2015.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE